IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. _____

ARRIVALSTAR S.A. and MELVINO
TECHNOLOGIES LIMITED,

    Plaintiffs,

vs.                                                                                         DEMAND FOR JURY TRIAL

SEABOARD SOLUTIONS, INC.;
SEABOARD MARINE, LTD, INC.;
SEABOARD MARINE OF FLOIDA, INC;
ISLANDWIDE AIR & OCEAN
CORPORATION,

    Defendants.
_____/

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs ArrivalStar S.A. and Melvino Technologies Limited (collectively "Plaintiffs"), through their undersigned counsel, hereby sue the above-named defendants for patent infringement, and in support, allege as follows:

### NATURE OF THE LAWSUIT

1.    This is an action for patent infringement of United States Patent Numbers: 6,714,859; 6,748,320; 6,952,645; 7,030,781; 7,400,970; 6,904,359; 6,486,801; 5,657,010; and, 6,411,891, arising under the patent laws of the United States, Title 35 of the United States Code.

### JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1338; and 35 U.S.C. § 271.

3. This Court has personal jurisdiction over each Defendant pursuant to, *inter alia*, Florida's long-arm statute, § 48.193, in that each Defendant: (a) operates, conducts, engages in, and/or carries on a business or business adventure(s) in Florida and/or has an office or agency in Florida; (b) has committed one or more tortious acts within Florida; (c) was and/or is engaged in substantial and not isolated activity within Florida; and/or (d) has purposely availed itself of Florida's laws, services and/or other benefits and therefore should reasonably anticipate being hailed into one or more of the courts within the State of Florida.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400.

## THE PLAINTIFFS

5. ArrivalStar S.A. is a corporation organized under the laws of Luxembourg, having offices located at 67 Rue Michel, Welter L-2730, Luxembourg. ArrivalStar is the authorized licensee of the patents alleged as being infringed in this lawsuit, with the right to sub-license the patents at issue.

6. Melvino Technologies Limited is a corporation organized under the laws of the British Virgin Islands of Tortola, having offices located at P.O. Box 3174, Palm Chambers, 197 Main Street, Road Town, Tortola, British Virgin Islands. Melvino owns all rights, title and interests in the patents alleged as being infringed in this lawsuit.

## THE PLAINTIFFS' PATENTS

7. Plaintiffs own all right, title and interest in, and/or have standing to sue for infringement of United States Patent Number 6,714,859 ("the '859 patent"), entitled "System and Method for an Advance Notification System for Monitoring and Reporting Proximity of a Vehicle", issued March 30, 2004. A copy of the '859 patent is attached hereto as Exhibit 1.

8. Plaintiffs own all right, title and interest in, and/or have standing to sue for infringement of United States Patent Number 6,748,320 ("the '320 patent"), entitled "Advance Notification Systems and Methods Utilizing a Computer Network", issued June 8, 2004. A copy of the '320 patent is attached hereto as Exhibit 2.

9. Plaintiffs own all right, title and interest in, and/or have standing to sue for infringement of United States Patent Number 6,952,645 ("the '645 patent"), entitled "System and Method for Activation of an Advance Notification System for Monitoring and Reporting Status of Vehicle Travel", issued October 4, 2005. A copy of the '645 patent is attached hereto as Exhibit 3.

10. Plaintiffs own all right, title and interest in, and/or have standing to sue for infringement of United States Patent Number 7,030,781 ("the '781 patent"), entitled "Notification System and Method that Informs a Party of Vehicle Delay", issued April 18, 2006. A copy of the '781 patent is attached hereto as Exhibit 4.

11. Plaintiffs own all right, title and interest in, and/or have standing to sue for infringement of United States Patent Number 7,400,970 ("the '970 patent"), entitled "System and Method for an Advance Notification System for Monitoring and Reporting Proximity of a Vehicle", issued July 15, 2008. A copy of the '970 patent is attached hereto as Exhibit 5.

12. Plaintiffs own all right, title and interest in, and/or have standing to sue for infringement of United States Patent Number 6,904,359 ("the '359 patent"), entitled "Notification System and Methods with User-Defineable Notifications Based Upon Occurrence of Events", issued June 7, 2005. A copy of the '359 patent is attached hereto as Exhibit 6.

13. Plaintiffs own all right, title and interest in, and/or have standing to sue for infringement of United States Patent Number 5,657,010 ("the '010 patent"), entitled "Advanced

Notification System and Method Utilizing Vehicle Progress Report Generator", issued August 12, 1997. A copy of the '060 patent is attached hereto as Exhibit 7.

14.  Plaintiffs own all right, title and interest in, and/or have standing to sue for infringement of United States Patent Number 6,486,801 ("the '801 patent"), entitled "Base Station Apparatus and Method for Monitoring Travel of a Mobile Vehicle", issued November 26, 2002. A copy of the '801 patent is attached hereto as Exhibit 8.

15.  Plaintiffs own all right, title and interest in, and/or have standing to sue for infringement of United States Patent Number 6,411,891 ("the '891 patent"), entitled "Advance Notification System and Method Utilizing User-Definable Notification Time Periods", issued June 25, 2002. A copy of the '891 patent is attached hereto as Exhibit 9.

## THE DEFENDANTS

16.  Defendant Seaboard Solutions, Inc. (Seaboard Solutions) is a Delaware Corporation with a principal place of business located at 8001 NW 79th Avenue, Miami, Florida 33166. Seaboard Solutions is authorized to transact business in Florida and has a Registered Agent in Tallahassee, Florida. Further, Seaboard Solutions has an office in the State of Florida within this Judicial District specifically located in Miami, Florida. Further, Seaboard Solutions transacts business and has, at a minimum, offered to provide and/or has provided to customers within this Judicial District and throughout the State of Florida services that infringe claims of the '859, '320, '645, '359, '781, '801, '010 and '970 patents.

17.  Defendant Seaboard Marine, LTD, Inc. (Seaboard Marine) is a Delaware Corporation with a principal place of business located at 8001 NW 79th Avenue, Miami, Florida 33166. Seaboard Marine is authorized to transact business in Florida and has a Registered Agent in Tallahassee, Florida. Further, Seaboard Marine has an office in the State of Florida within this

4

Judicial District specifically located in Miami, Florida. Further, Seaboard Marine transacts business and has, at a minimum, offered to provide and/or has provided to customers within this Judicial District and throughout the State of Florida services that infringe claims of the '859, '320, '645, '359, '781, '801, '010 and '970 patents.

18. Defendant Seaboard Marine of Florida, Inc. (Seaboard Florida) is a Delaware Corporation with a principal place of business located at 8001 NW 79th Avenue, Miami, Florida 33166. Seaboard Florida is authorized to transact business in Florida and has a Registered Agent in Tallahassee, Florida. Further, Seaboard Florida has an office in the State of Florida within this Judicial District specifically located in Miami, Florida. Further, Seaboard Florida transacts business and has, at a minimum, offered to provide and/or has provided to customers within this Judicial District and throughout the State of Florida services that infringe claims of the '859, '320, '645, '359, '781, '801, '010 and '970 patents.

19. Defendant Islandwide Air & Ocean Corporation (Islandwide) is a Puerto Rico Corporation with a principal place of business located at Interntl Dist Center Bild 15Guaynabo, PR 00969; PO Box 11670, San Juan, Puerto Rico 00922. Islandwide is not authorized to transact business in Florida but has an office in the State of Florida within this Judicial District specifically located in Miami, Florida. Further, Islandwide transacts business and has, at a minimum, offered to provide and/or has provided to customers within this Judicial District and throughout the State of Florida services that infringe claims of the '859, '320, '645, '359, '781, '801, '010 and '970 patents.

## COUNT I – SEABOARD SOLUTIONS DIRECT PATENT INFRINGEMENT

20. Plaintiffs hereby incorporate Paragraphs 1 through 19 set forth above as if fully set forth herein.

21. Pursuant to 35 U.S.C. § 271, Seaboard Solutions has infringed claims of the '859, '320, '645, '359, '781, '801, '010 and '970 patents through, among other activities, the commercial sale, offer and/or use of its "e-Servicecenter, Real-time Sailing Schedules and Customizable and On-Demand Reports, including cargo/shipment Arrival Notification, Shipment Status" programs/products/services/systems which utilize tracking and messaging technologies that are protected within the '859, '320, '645, '359,'781, '801, '010 and '970 patents.

22. Seaboard Solutions's direct infringement has injured and will continue to injure Plaintiffs unless and until a monetary judgment is entered in favor of Plaintiffs and/or the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '859, '320, '645, '359, '781, '801, '010 and '970 patents.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment against Seaboard Solutions and its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with Seaboard Solutions, granting the following relief:

A. An award of damages against Seaboard Solutions adequate to compensate Plaintiffs for the infringement that has occurred with respect to Seaboard Solutions, together with prejudgment interest from the date that Seaboard Solutions's infringement of the patents at issue began;

B. Increased damages as permitted pursuant to 35 U.S.C. § 284;

C. A finding that this case is exceptional and award to Plaintiffs their attorneys' fees and costs as provided by 35 U.S.C. § 285;

    D.    A permanent injunction against Seaboard Solutions prohibiting further infringement of the patents at issue; and,

    E.    All other relief as the Court or a jury may deem proper and just in this instance.

## COUNT II – SEABOARD SOLUTIONS INDIRECT PATENT INFRINGEMENT

23.    Plaintiffs hereby incorporate Paragraphs 1 through 22 set forth above as if fully set forth herein.

24.    Pursuant to 35 U.S.C. § 271, Seaboard Solutions has infringed claims of the '859, '320, '645, '359, '781, '801, '010 and '970 patents through, among other activities, the commercial sale, offer and/or use of its "e-Servicecenter, Real-time Sailing Schedules and Customizable and On-Demand Reports, including cargo/shipment Arrival Notification, Shipment Status" programs/products/services/systems which utilize tracking and messaging technologies that are protected within the '859, '320, '645, '359,'781, '801, '010 and '970 patents.

25.    Seaboard Solutions's contributory infringement and/or inducement to infringe has injured and will continue to injure Plaintiffs unless and until a monetary judgment is entered in favor of Plaintiffs and/or the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '859, '320, '645, '359,'781, '801, '010 and '970 patents.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment against Seaboard Solutions and its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with Seaboard Solutions, granting the following relief:

7

A. An award of damages against Seaboard Solutions adequate to compensate Plaintiffs for the infringement that has occurred with respect to Seaboard Solutions, together with prejudgment interest from the date that Seaboard Solutions's infringement of the patents at issue began;

B. Increased damages as permitted pursuant to 35 U.S.C. § 284;

C. A finding that this case is exceptional and award to Plaintiffs their attorneys' fees and costs as provided by 35 U.S.C. § 285;

D. A permanent injunction against Seaboard Solutions prohibiting further infringement of the patents at issue; and,

E. All other relief as the Court or a jury may deem proper and just in this instance.

## COUNT III – SEABOARD MARINE
## DIRECT PATENT INFRINGEMENT

26. Plaintiffs hereby incorporate Paragraphs 1 through 19 set forth above as if fully set forth herein.

27. Pursuant to 35 U.S.C. § 271, Seaboard Marine has infringed claims of '859, '320, '645, '781, '359, '801, '891, '010 and '970 patents through, among other activities, the commercial sale, offer and/or use of its "e-Servicecenter, Real-time Sailing Schedules and Customizable and On-Demand Reports, including cargo/shipment Arrival Notification, Shipment Status" programs/products/services/systems which include and use tracking and messaging technologies that are protected within the '859, '320, '645, '781, '359, '801, '060, '891 and '970 patents.

28. Seaboard Marine's direct infringement has injured and will continue to injure Plaintiffs unless and until a monetary judgment is entered in favor of Plaintiffs and/or the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of

methods and systems that come within the scope of '859, '320, '645, '781, '359, '801, '891, '010 and '970 patents.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment against Seaboard Marine and its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with Seaboard Marine, granting the following relief:

A. An award of damages against Seaboard Marine adequate to compensate Plaintiffs for the infringement that has occurred with respect to Seaboard Marine, together with prejudgment interest from the date that Seaboard Marine's infringement of the patents at issue began;

B. Increased damages as permitted pursuant to 35 U.S.C. § 284;

C. A finding that this case is exceptional and award to Plaintiffs their attorneys' fees and costs as provided by 35 U.S.C. § 285;

D. A permanent injunction against Seaboard Marine prohibiting further infringement of the patents at issue; and,

E. All other relief as the Court or a jury may deem proper and just in this instance.

**COUNT IV – SEABOARD MARINE
INDIRECT PATENT INFRINGEMENT**

29. Plaintiffs hereby incorporate Paragraphs 1 through 19 and Paragraphs 26 through 28 set forth above as if fully set forth herein.

30. Pursuant to 35 U.S.C. § 271, Seaboard Marine has infringed claims of '859, '320, '645, '781, '359, '801, '891, '010 and '970 patents through, among other activities, the commercial sale, offer and/or use of its "e-Servicecenter, Real-time Sailing Schedules and Customizable and On-Demand Reports, including cargo/shipment Arrival Notification, Shipment

Status" programs/products/services/systems which include and use tracking and messaging technologies that are protected within the '859, '320, '645, '781, '359, '801, '891. '010 and '970 patents.

31.     Seaboard Marine's contributory infringement and/or inducement to infringe has injured and will continue to injure Plaintiffs unless and until a monetary judgment is entered in favor of Plaintiffs and/or the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of '859, '320, '645, '781, '359, '801, '891, '010 and '970 patents.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment against Seaboard Marine and its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with Seaboard Marine granting the following relief:

A.    An award of damages against Seaboard Marine adequate to compensate Plaintiffs for the infringement that has occurred with respect to Seaboard Marine, together with prejudgment interest from the date that Seaboard Marine's infringement of the patents at issue began;

B.    Increased damages as permitted pursuant to 35 U.S.C. § 284;

C.    A finding that this case is exceptional and award to Plaintiffs their attorneys' fees and costs as provided by 35 U.S.C. § 285;

D.    A permanent injunction against Seaboard Marine prohibiting further infringement of the patents at issue; and,

E.    All other relief as the Court or a jury may deem proper and just in this instance.

## COUNT V – SEABOARD FLORIDA
## DIRECT PATENT INFRINGEMENT

32. Plaintiffs hereby incorporate Paragraphs 1 through 19 set forth above as if fully set forth herein.

33. Pursuant to 35 U.S.C. § 271, Seaboard Florida has infringed clams of the '859, '320, '645, '781, '359, '801, '891, '010 and '970 patents through, among other activities, systems and methods, the use of tracking and messaging technologies within its "e-Servicecenter, Real-time Sailing Schedules and Customizable and On-Demand Reports, including cargo/shipment Arrival Notification, Shipment Status" programs/products/services/systems which include and use tracking and messaging technologies that are protected within the '859, '320, '645, '781, '359, '801, '891, '010 and '970 patents.

34. Seaboard Florida's direct infringement has injured and will continue to injure Plaintiffs until a monetary judgment is rendered in Plaintiffs' favor and/or unless and until the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '859, '320, '645, '781, '359, '801, '891, '010 and '970 patents.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment against Seaboard Florida and its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with Seaboard Florida, granting the following relief:

A. An award of damages against Seaboard Florida adequate to compensate Plaintiffs for the infringement that has occurred with respect to Seaboard Florida, together with

prejudgment interest from the date that Seaboard Florida's infringement of the patents at issue began;

      B.    Increased damages as permitted pursuant to 35 U.S.C. § 284;

      C.    A finding that this case is exceptional and award to Plaintiffs their attorneys' fees and costs as provided by 35 U.S.C. § 285;

      D.    A permanent injunction against Seaboard Florida prohibiting further infringement of the patents at issue; and,

      E.    All other relief as the Court or a jury may deem proper and just in this instance.

## COUNT VI – SEABOARD FLORIDA
## INDIRECT PATENT INFRINGEMENT

35. Plaintiffs hereby incorporate Paragraphs 1 through 19 and Paragraphs 32 through 34 set forth above as if fully set forth herein.

36. Pursuant to 35 U.S.C. § 271, Seaboard Florida has infringed clams of the '859, '320, '645, '781, '359, '801, '891, '010 and '970 patents through, among other activities, systems and methods, the use of tracking and messaging technologies within its "e-Servicecenter, Real-time Sailing Schedules and Customizable and On-Demand Reports, including cargo/shipment Arrival Notification, Shipment Status" programs/products/services/systems which include and use tracking and messaging technologies that are protected within the '859, '320, '645, '781, '359, '801, '891, '010 and '970 patents.

37. Seaboard Florida's contributory infringement and/or inducement to infringe has injured and will continue to injure Plaintiffs until a monetary judgment is rendered in Plaintiffs' favor and/or unless and until the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '859, '320, '645, '781, '359, '801, '891, '010 and '970 patents.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment against Seaboard Florida and its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with Seaboard Florida, granting the following relief:

A. An award of damages against Seaboard Florida adequate to compensate Plaintiffs for the infringement that has occurred with respect to Seaboard Florida, together with prejudgment interest from the date that Seaboard Florida's infringement of the patents at issue began;

B. Increased damages as permitted pursuant to 35 U.S.C. § 284;

C. A finding that this case is exceptional and award to Plaintiffs their attorneys' fees and costs as provided by 35 U.S.C. § 285;

D. A permanent injunction against Seaboard Florida prohibiting further infringement of the patents at issue; and,

E. All other relief as the Court or a jury may deem proper and just in this instance.

## COUNT VII – ISLANDWIDE DIRECT PATENT INFRINGEMENT

38. Plaintiffs hereby incorporate Paragraphs 1 through 19 set forth above as if fully set forth herein.

39. Pursuant to 35 U.S.C. § 271, Islandwide has infringed claims of '859, '320, '645, '781, '359, '801,'891, '010 and '970 patents through, among other activities, the commercial sale, offer and/or use of its "IWE Track, Deliver, and Reporting" programs/products/services/systems which include and use tracking and messaging technologies that are protected within the '859, '320, '645, '781, '359, '801, '891, '010 and '970 patents.

40. Islandwide's direct infringement has injured and will continue to injure Plaintiffs unless and until a monetary judgment is entered in favor of Plaintiffs and/or the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of '859, '320, '645, '781, '359, '801, '891, '010 and '970 patents.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment against Islandwide and its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with Islandwide, granting the following relief:

A. An award of damages against Islandwide adequate to compensate Plaintiffs for the infringement that has occurred with respect to Islandwide, together with prejudgment interest from the date that Islandwide's infringement of the patents at issue began;

B. Increased damages as permitted pursuant to 35 U.S.C. § 284;

C. A finding that this case is exceptional and award to Plaintiffs their attorneys' fees and costs as provided by 35 U.S.C. § 285;

D. A permanent injunction against Islandwide prohibiting further infringement of the patents at issue; and,

E. All other relief as the Court or a jury may deem proper and just in this instance.

## COUNT VIII – ISLANDWIDE
## INDIRECT PATENT INFRINGEMENT

40. Plaintiffs hereby incorporate Paragraphs 1 through 19 and Paragraphs 38 through 40 set forth above as if fully set forth herein.

41. Pursuant to 35 U.S.C. § 271, Islandwide has infringed claims of '859, '320, '645, '781, '359, '801,'891, '010 and '970 patents through, among other activities, the commercial

sale, offer and/or use of its "IWE Track, Deliver, and Reporting" programs/products/services/systems which include and use tracking and messaging technologies that are protected within the '859, '320, '645, '781, '359, '801, '891, '010 and '970 patents.

42. Islandwide's contributory infringement and/or inducement to infringe has injured and will continue to injure Plaintiffs unless and until a monetary judgment is entered in favor of Plaintiffs and/or the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of '859, '320, '645, '781, '359, '801, '891. '010 and '970 patents.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment against Islandwide and its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with Islandwide granting the following relief:

A. An award of damages against Islandwide adequate to compensate Plaintiffs for the infringement that has occurred with respect to Islandwide, together with prejudgment interest from the date that Islandwide's infringement of the patents at issue began;

B. Increased damages as permitted pursuant to 35 U.S.C. § 284;

C. A finding that this case is exceptional and award to Plaintiffs their attorneys' fees and costs as provided by 35 U.S.C. § 285;

D. A permanent injunction against Islandwide prohibiting further infringement of the patents at issue; and,

E. All other relief as the Court or a jury may deem proper and just in this instance.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: September 7, 2011.                                Respectfully submitted,

/s/ Jason P. Dollard
Jason P. Dollard, Esquire
Florida Bar Number: 0649821
Law Offices of Jason P. Dollard, PA
127 NE 2nd Avenue
Delray Beach, Florida 33444
Telephone: 561-819-5406
Facsimile:  561-819-5407
Email: jdollard@jpdesq.com

**Counsel for Plaintiffs**