UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

FILED by _____ D.C.

OCT 1 8 2011

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

CASE NO. 11-23263–CIV-ALTONAGA/Simonton

ARRIVALSTAR S.A., ET AL

    **Plaintiffs**

    v.

SEABOARD SOLUTIONS, INC.; ET ALS

    **Defendant**

## ANSWER TO THE COMPLAINT

**TO THE HONORABLE COURT:**

    **HERE COMES,** Defendant, Islandwide Air & Ocean, Corp. (hereinafter referred to as "IAO"), by and through its undersigned counsel, hereby avers, states and prays:[1]

### I.  NATURE OF THE LAWSUIT

    1.    Paragraph number 1 of the Complaint does not require a responsive pleading since it is a conclusion of law.  However, IAO denies paragraph 1 insofar as a response may be warranted. Furthermore, IAO denies any violation of the statutes mentioned, as well as the applicability of said statutes to IAO.

---

[1] The instant answer to the complaint is filed in accordance with the FRCP, appearing defendant does not waive the defenses raised in its motion to dismiss nor withdraw the same.

## II. JURISDICTION AND VENUE

2.      Paragraph number 2 of the Complaint does not require a responsive pleading, in as much as it states Plaintiffs conclusion with regards to jurisdiction.  In the alternative IAO denies the applicability of the cited legal disposition as to jurisdiction in the present case.

3.      Paragraph number 3 of the Complaint does not require a responsive pleading, in as much as it states Plaintiffs conclusion with regards to personal jurisdiction.  In the alternative, IAO denies the applicability of the legal cited disposition as to personal jurisdiction in the present case.

4.      Paragraph number 4 of the Complaint does not require a responsive pleading, in as much as it states Plaintiffs conclusion with regards to venue.  In the alternative, IAO denies that venue is proper in the present case.

## III.      THE PLAINTIFFS

5.      The averments set forth in paragraphs 5 and 6 are denied for lack of knowledge and/or sufficient information on which to form a belief as to the truth or falsity thereof.

## IV.      THE PLAINTIFFS' PATENTS

6.      The averments set forth in paragraphs 7 through 15 do not require a responsive pleading insofar as they are not addressed to the appearing defendant.  In the event that such averments are deemed to include factual averments, the same are denied for lack of knowledge and/or sufficient information on which to form a belief as to the truth or falsity thereof.

## V.      THE DEFENDANTS

7.      The averments set forth in paragraphs 16 through 18 do not require a responsive pleading insofar as they are not addressed to the appearing defendant.  In the event that such averments are deemed to include factual averments, the same are denied.

8.     The averments set forth in paragraph 19 are admitted in part and denied in part.  It is admitted that IAO is a Commonwealth of Puerto Rico corporation with its principal place of business located at Centro Internacional de Dsitribucion, Edif. #15 Carr. 165 km 2.4, Barrio Pueblo Viejo, Guaynabo, Puerto Rico 00969; PO Box 11670, San Juan, Puerto Rico 00922-1670.  It is admitted that IAO is not authorized to transact business in the state of Florida.  It is denied that IAO has an office in the state of Florida; it is further denied that IAO transacts business and/or has offered services to clients within the state of Florida; and, it is also denied that IAO has provided services to clients in the state of Florida that infringe the patents set forth in the complaint.

## VI.    COUNTS

9.     The averments set forth in paragraphs 20 through 37, and requests for relief thereof, do not require a responsive pleading in so far as they are not addressed to the appearing defendant. In the event such averments are deemed to include factual averments, they are denied.

## COUNT VII- ISLANDWIDE
## DIRECT PATENT INFRINGEMENT

10.    With regards to the averment set forth in paragraph 38, the answers provided by the appearing party with regards to paragraphs 1 through 19 of the Complaint are hereby re-alleged, repeated and incorporated.

11.    The averments set forth in paragraph 39 of the Complaint are denied.

12.    The averments set forth in paragraph 40 of the Complaint are denied.

## COUNT VIII-ISLANDWIDE
## INDIRECT PATENT INFRINGEMENT

13.     With regards to the averment set forth in paragraph 40, the answers provided by the appearing party with regards to paragraphs 1 through 19, and 38 through 40 of the Complaint are hereby re-alleged, repeated and incorporated.

14.     The averments set forth in paragraph 41 of the Complaint are denied.

15.     The averments set forth in paragraph number 42 of the Complaint are denied.

## AFFIRMATIVE DEFENSES

1.     The complaint fails to state a claim upon which relief may be granted against the appearing defendant.

2.     The complaint fails to state specific real acts of appearing defendant which amount to a deprivation of any of Plaintiffs federally protected rights.

3.     Plaintiffs allegations are mere conclusory statements that fall short of the facial plausibility to comply with the pleadings standard set forth in Bell Atlantic Corp. v. Twombly, 550 US 544 (2007) and Ashcroft v. Iqbal, S. Ct. 1937 (2009).

4.     The complaint fails to state a cognizable claim under the Laws of the United States.

5.     The complaint fails to set forth and/or demonstrate the Court's jurisdiction over the appearing defendant.

6.     The claims against defendant are unenforceable, in whole or in part, due to the doctrines of laches, waiver and/or estoppel.

7.     The complaint fails to set forth and/or demonstrate that this venue is proper with regards to the appearing defendant.

8.     Defendant has not infringed plaintiffs patents.

9.     This case is exceptional against Plaintiffs under 35 USC §285.

10. The appearing defendant, at all times acted according to the law and in good faith in performance of their duties.  Consequently their conduct could not have possibly resulted in the alleged violation of plaintiffs rights.

11. Plaintiffs have not been deprived of any federally protected rights or privileges by the appearing defendant.

12. Defendant has not intentionally or unintentionally violated 35 USC 271.

13. The complaint fails to state specific, real facts adequate to show that plaintiffs have suffered any direct and/or indirect damages as a direct and/or indirect result of the acts of the appearing defendant.  Therefore, in regards to appearing defendant, plaintiffs are not entitled to any damages or any other relief.

14. Plaintiff does not have clean hands.

15. Plaintiffs have acted in bad faith.

16. Plaintiffs complaint is frivolous.

17. Plaintiffs, in bad faith, did not perform a pre-suit investigation into infringement.

18. Plaintiffs are not entitled to injunctive relief.

19. Plaintiffs are not entitled to attorney's fees and costs.

20. Plaintiffs have failed to mitigate damages.

21. The complaint is time barred.

22. The injuries claimed by plaintiffs are speculative and non existent.

23. The appearing defendant reserves the right to amend the pleadings, to bring any other part, and/or to raise further defenses that arise as a result of discovery or any other stage of the proceedings.

24. Any allegation not admitted is denied.

**WHEREFORE**, the appearing Defendant respectfully requests from this Honorable Court enter judgment dismissing the instant Complaint in its entirety with the imposition of costs and attorney's fees upon Plaintiffs, and granting the appearing defendant such other relief as this Honorable Court deems just and appropriate.

**IT IS HEREBY CERTIFIED** that on this same date I have notified via US Regular Mail attorney for Plaintiff, Jason P. Dollard, Law Offices of Jason P. Dollard P.A., 127 NE 2nd Ave. Delray Beach, Florida 33444.

**RESPECTFULLY SUBMITTED.**

In Miami, Florida, October 18, 2011.

Attorneys for Appearing Defendant:

s/ Jose Dapena
**Jose Dapena**
USDC-FL # 152358
Dapena Law Office
Marina Lakes Business Park
4960 SW 72nd Ave., Ste. 205
Miami, FL 33155
Tel. 305-662-4323
Fax. 305-662-4326
Email: dapenalaw@aol.com

**PRO HAC VICE ATTORNEY**

s/Patricia Ramírez Gelpi
**Patricia Ramírez Gelpí**
USDC-PR #221112
2121 calle Mileto, Alto Apolo
Guaynabo, Puerto Rico 00969
Tel. 787-605-9481 / Fax. 787-272-8175
E-mail: patricia.ramirez.gelpi@gmail.com